960 F.2d 1053
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Gregory A. SCHER, Appellant,
Richard WRIGHT; Gregory Wright; Mark Atherton, Plaintiffs,
v.
John ASHCROFT, Governor, State of MO; Ernest Cowles,
Division Dir. of Classification and Treatment, MO Dept. of
Corrections; Richard Bowers, Chief Medical Officer-MO Dept.
of Corrections; George Lombardi, Division Dir. of Adult
Institutions-MO Dept. of Corrections; Raymond Kalfus, MSP
Dentist-MO State Pen.; Denis Dowd,
Superintendent-Farmington Corr.; Leah Embly, Mailroom
Supervisor-Farmington; Theresa Pearson,
Caseworker-Farmington Corr.; Arnold Dement, C.C.A.-
Farmington Corr.; Bud Bradley, Food Svc.-Farmington Corr.;
John Does and Jane Does # 1 # 25, Appellees.
 No. 91-2661.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 6, 1992.
April 29, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gregory A. Scher appeals from the magistrate judge's[1] denial of his motion to vacate or set aside the judgment in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Scher and several other inmates[2] brought the underlying action claiming numerous violations of their constitutional rights. In May 1990, appointed counsel signed a settlement agreement on behalf of plaintiffs with defendants. One of the conditions of that settlement was that plaintiffs voluntarily dismiss with prejudice several suits against defendants. Accordingly, counsel filed a document voluntarily dismissing the instant action with prejudice by stipulation of the parties.
 
 
 3
 In August 1990, Scher filed the instant motion under Federal Rule of Civil Procedure 60(b). He requested, inter alia, that the court enforce or set aside the settlement agreement. The magistrate judge subsequently held a hearing on the matter, and the parties filed numerous pleadings, exhibits, and affidavits. At the hearing, Scher claimed for the first time that counsel exceeded his authority by signing the settlement without Scher's knowledge or consent. Counsel testified that he was authorized by Scher to settle.
 
 
 4
 The magistrate judge denied Scher's motion, holding that Rule 60(b) relief was not available because the court did not review or approve the settlement agreement, did not incorporate the agreement into the dismissal, and did not retain jurisdiction over the matter.
 
 
 5
 Under Rule 60(b), a court may grant relief from a final order or judgment for mistake, newly-discovered evidence, fraud, voidness, satisfaction, or other reasons. A voluntary dismissal by stipulation under Rule 41(a)(1)(ii), however, is effected without order of court; therefore, there is no final order or judgment from which a party may seek relief under Rule 60(b). See United States v. Altman, 750 F.2d 684, 696-97 (8th Cir. 1984) (entry of stipulated dismissal effective automatically and does not require court approval). Thus, the court did not abuse its discretion in denying Scher's motion for lack of jurisdiction.
 
 
 6
 We reject Scher's remaining arguments as meritless, and we deny his motion to strike portions of appellees' appendix.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States Magistrate Judge for the Eastern District of Missouri, to whom this matter was submitted for disposition pursuant to the consent of the parties. See 28 U.S.C. § 636(c)
 
 
 [2]
 The other inmates were not parties to the instant motion and are not parties to this appeal